IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| LEROY A. TRUJILLO, | ) | C/A No. 0:07-494-SB-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This is a pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 that was transferred from the District of Utah on February 20, 2007. The Respondents filed a return and motion for summary judgment on April 23, 2007. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on April 24, 2007, advising Petitioner of the importance of a dispositive motion and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. However, despite this explanation the Petitioner elected not to respond to the motion.

As the Petitioner is proceeding pro se, the court filed a second order on July 20, 2007, giving the Petitioner an additional ten (10) days in which to file his response to the Respondent's motion for summary judgment. The Petitioner was specifically advised that if he failed to respond, this action would be recommended for dismissal with prejudice for failure to prosecute. Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), Rule 41(b) Fed.R.Civ.P. The Petitioner still did not

1



respond, and has therefore failed to indicate that he wishes to proceed with this case or to prosecute this matter in any way.

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 2, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>  Larry W. Propes, Clerk
>  United States District Court
>  901 Richland Street
>  Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

